UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOSE ALVARENGA, | : | |
| | : | Civil Action No. 13-4604 (MAS) |
| Petitioner, | : | |
| | : | |
| v. | : | **MEMORANDUM AND ORDER** |
| | : | |
| PAUL LAGANA, et al. | : | |
| | : | |
| Respondents. | : | |

This matter having come before the Court on the Petition for Writ of Habeas Corpus ("Petition") of Petitioner Jose Alvarenga ("Petitioner"), for relief under 28 U.S.C. § 2254; the Court having considered the Petition, the records of proceedings in this matter, the Answer of Respondents (Joie Piderit, Acting Assistant Prosecutor, Middlesex County Prosecutor's Office, appearing), and Petitioner's Traverse; it appearing that:

1. Upon the Court's review, it appears that the Petition is time-barred by the one-year statute of limitations period under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* 28 U.S.C. § 2244(d)(1).

2. Respondents, in their Answer, did not address this timeliness issue.

3. Nevertheless, "district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition." *Day v. McDonough*, 547 U.S. 198, 209 (2006). The district court may raise *sua sponte* the AEDPA statute of limitations defense even after an answer has been filed. *Day*, 547 U.S. at 209; *Long v. Wilson*, 393 F.3d 390, 404 (3d Cir. 2004). "[B]efore acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions. Further, the court must assure itself that the petitioner is not significantly

prejudiced by the delayed focus on the limitation issue, and determine whether the interests of justice would be better served by addressing the merits or by dismissing the petition as time barred." *Day*, 547 U.S. at 210. "[A]fter the Rule 4 period has ended, courts may continue to raise the AEDPA statute of limitations issue *sua sponte*, but only after providing . . . notice, an opportunity to respond, and an analysis of prejudice." *U.S. v. Bendolph*, 409 F.3d 155, 158 (3d Cir. 2005). "[T]he AEDPA statute of limitations is an important issue, the raising of which may not necessarily be left completely to the state." *Long*, 393 F.3d at 402. "[T]he statute of limitation implicates the interests of both the federal and state courts, as well as the interests of society, and therefore it is not inappropriate for the court, on its own motion, to invoke the doctrine." *Id.* (quoting *Acosta v. Artuz*, 221 F.3d 117, 123 (2d Cir. 2000)).

4. Based on the Court's review of the Petition and Answer, it appears that the Petition is statutorily time-barred. There were numerous delays during Petitioner's state court proceedings for post-conviction relief ("PCR). First, there was a delay in filing the PCR application itself. After Petitioner's sentence and conviction, on appeal, the Appellate Division affirmed the conviction but remanded for resentencing on March 18, 2008. (ECF No. 17-4.) Petitioner claims that the resentencing did not occur, and that his counsel did not seek certification with the New Jersey Supreme Court. (ECF No. 1-1 at 3.) However, records submitted by Respondents show that resentencing occurred on April 8, 2008. (ECF No. 18-8.) The parties' disagreement on this issue concerns whether Petitioner had properly exhausted state court remedies, which is not relevant for the purposes of this Order and, as such, the Court need not address that disagreement at this time. Rather, the Court construes the later date, April 8, 2008, as the date when judgment was entered, which date is more favorable to Petitioner.

5. As Petitioner acknowledges, no further appeal or petition for certification with the New Jersey Supreme Court was filed after the resentencing. Therefore, Petitioner's judgment became final at the expiration of time to seek an appeal. *See* 28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 132 S.Ct. 641, 653 (2012). State rules require that an appeal be filed within 45 days, *see* N.J. Court Rules, R. 2:4-4(a), *Lombardi v. Masso*, 207 N.J. 517, 540-41 (2011). Accordingly, Petitioner's conviction and sentence became final on May 23, 2008, which started his AEDPA limitations period. Petitioner did not file his PCR application until April 20, 2009, (ECF No. 1-1 at 3; ECF No. 17-5 at 1), so his limitations period ran for 332 days.

6. Another delay occurred after Petitioner's PCR application was denied on February 19, 2010. (ECF No. 18-1.) As stated above, state rules require that an appeal be filed within 45 days, but Petitioner did not file an appeal of the PCR denial until September 9, 2010. (ECF No. 18-2.) When an out-of-time appeal is filed, even if the appeal is accepted as properly filed by the state appeals court, statutory tolling does not include the period between the expiration of time to appeal and when the appeal was actually filed. *Swartz v. Meyers*, 204 F.3d 417, 423 n.6 (3d Cir. 2000) ("We . . . agree that the time during which Swartz's nunc pro tunc request for allowance of appeal was pending does not toll the statute of limitation"). Consequently, Petitioner's AEDPA limitations period ran from April 5, 2010 to September 9, 2010, for a period of another 157 days.

7. There was also a delay in seeking certification with the New Jersey Supreme Court. The Appellate Division affirmed the denial of PCR on November 9, 2012. Although state rules require that a petition for certification with the New Jersey Supreme Court be filed within 20 days after final judgment of the Appellate Division, N.J. Court Rules 2:12-3(a), Petitioner's petition for certification was not filed until December 12, 2012. (ECF No. 18-6 at 17.) As a result, Petitioner's

3

AEDPA limitations period ran from November 29, 2012 to December 12, 2012, for a period of another 13 days.

8. After the New Jersey Supreme Court denied certification on June 7, 2013, (ECF No. 18-7), Petitioner filed the instant Petition, dated July 19, 2013. As such, another 42 days ran from Petitioner's AEDPA limitations period. In sum, a total of 544 days ran from Petitioner's one-year limitations period before the Petition was filed, making the Petition untimely.

9. Because the Court is raising *sua sponte* the issue of timeliness, the Court will give Petitioner a chance to argue for equitable tolling. Particularly, Petitioner may submit to this Court any arguments, supported by evidence, why any of the delays detailed above should be excused and equitably tolled. Petitioner may also raise any other argument as appropriate with regard to the timeliness of the Petition.

IT IS therefore on this  20th  day of  July , 2015,

ORDERED that Petitioner shall, within 30 days of the date of entry of this Order, show cause in writing, in the manner directed above, as to why the Petition should not be denied as time-barred; *see Day*, 547 U.S. at 209 (holding that a show cause order is an appropriate method for the court to give notice to a petitioner for the *sua sponte* raising of a timeliness issue); it is further

ORDERED that Respondent shall have 14 days, after receipt of Petitioner's submission above, to respond; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular mail.

_____
Michael A. Shipp
United States District Judge