UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JOSE ALVARENGA,

            Petitioner,

        v.

PAUL LAGANA, et al.

            Respondents.

Civil Action No. 13-4604 (MAS)

**MEMORANDUM OPINION**

      This matter having come before the Court on the Petition for Writ of Habeas Corpus ("Petition") of Petitioner Jose Alvarenga ("Petitioner"), for relief under 28 U.S.C. § 2254. It appearing that:

      1. On July 21, 2015, the Court issued a show-cause order directing Petitioner to show why the Petition should not be denied as untimely. (Order, July 21, 2015, ECF No. 19.)

      2. In the prior order, the Court found that, based on its review of the Petition and Answer, the Petition appears to be statutorily time-barred by the one-year statute of limitations under 28 U.S.C. § 2244(d). There were numerous delays during Petitioner's state court proceedings for post-conviction relief ("PCR). First, there was a delay in filing the PCR application itself. After Petitioner's sentence and conviction, on appeal, the Appellate Division affirmed the conviction but remanded for resentencing on March 18, 2008. (ECF No. 17-4.) Petitioner claims that the resentencing did not occur, and that his counsel did not seek certification with the New Jersey Supreme Court. (ECF No. 1-1 at 3.) However, records submitted by Respondents show that resentencing occurred on April 8, 2008. (ECF No. 18-8.) The Court construed that date as the date when judgment was entered. (Order 2, July 21, 2015.)

3. As Petitioner acknowledges, no further appeal or petition for certification with the New Jersey Supreme Court was filed after the resentencing. Therefore, Petitioner's judgment became final at the expiration of time to seek an appeal. *See* 28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 132 S.Ct. 641, 653 (2012). State rules require that an appeal be filed within 45 days, *see* N.J. Ct. R. 2:4-4(a), *Lombardi v. Masso*, 207 N.J. 517, 540-41 (2011). Accordingly, Petitioner's conviction and sentence became final on May 23, 2008, which started his one-year statute of limitations period under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* 28 U.S.C. § 2244(d). Petitioner did not file his PCR application until April 20, 2009, (ECF No. 1-1 at 3; ECF No. 17-5 at 1), so his limitations period ran for 332 days.

4. Another delay occurred after Petitioner's PCR application was denied on February 19, 2010. (ECF No. 18-1.) As stated above, state rules require that an appeal be filed within 45 days, but Petitioner did not file an appeal of the PCR denial until September 9, 2010. (ECF No. 18-2.) When an out-of-time appeal is filed, even if the appeal is accepted as properly filed by the state appeals court, statutory tolling does not include the period between the expiration of time to appeal and when the appeal was actually filed. *Swartz v. Meyers*, 204 F.3d 417, 423 n.6 (3d Cir. 2000) ("We . . . agree that the time during which Swartz's nunc pro tunc request for allowance of appeal was pending does not toll the statute of limitation"). Consequently, Petitioner's AEDPA limitations period ran from April 5, 2010 to September 9, 2010, for a period of another 157 days.

5. There was also a delay in seeking certification with the New Jersey Supreme Court. The Appellate Division affirmed the denial of PCR on November 9, 2012. Although state rules require that a petition for certification with the New Jersey Supreme Court be filed within 20 days after final judgment of the Appellate Division, N.J. Ct. R. 2:12-3(a), Petitioner's petition for certification was not filed until December 12, 2012. (ECF No. 18-6 at 17.) As a result, Petitioner's

AEDPA limitations period ran from November 29, 2012 to December 12, 2012, for a period of another 13 days.

6. After the New Jersey Supreme Court denied certification on June 7, 2013, (ECF No. 18-7), Petitioner filed the instant Petition, dated July 19, 2013. As such, another 42 days ran from Petitioner's AEDPA limitations period. In sum, Petitioner expended 544 days before filing the instant Petition. This is well beyond the one-year limitations period under § 2244(d).

7. In his response to the Court's show-cause order, Petitioner raises four arguments. First, Petitioner contends that the Petition is not untimely because the date of final judgment of his conviction was June 7, 2013, not April 8, 2008. June 7, 2013 was the date Petitioner's state PCR denial became final. Petitioner cites to no authority construing that date as the date of his final judgment. Contrary to Petitioner's assertion, the Supreme Court has held that the final judgment date, for the purposes of § 2244(d), is the date that a petitioner has exhausted his direct appeal, not his PCR application. *Gonzalez v. Thaler*, 132 S. Ct. 641, 653 (2012); *see* 28 U.S.C. § 2244(d)(1)(A) ("The limitation period shall run from . . . the date on which the judgment became final by the conclusion of *direct review* or the expiration of time for seeking such review[.]") (emphasis added).

8. Second, Petitioner argues that his untimeliness should be excused because he "had no way of even knowing his one-year clock was running." (Pet'r's Resp. 5, ECF No. 20.) However, a petitioner's legal mistake, even if the petitioner is *pro se*, does not excuse an untimely filing. *See Phillips v. Nogan*, No. 14-4933 (MAS), 2015 WL 2090247, at *4 (D.N.J. May 4, 2015); *Ayers v. Phelps*, 723 F. Supp. 2d 718, 722 (D. Del. 2010) ("[L]ack of legal knowledge or miscalculation regarding the . . . filing period" does not excuse an untimely filing); *Covert v. Tennis*, No. 06-421,

2008 WL 4861449, at *5 (M.D. Pa. Nov. 7, 2008) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing.").

9. Third, Petitioner argues that the Court should focus on the fact that his state PCR application was timely, since New Jersey has a five-year statute of limitations for its PCR applications. (Pet'r's Resp. 6.) However, "on federal habeas review, this Court is governed by federal rules, case law, and statutes regarding the timeliness of federal habeas petitions." *Lee v. Hastings*, No. 13-2190, 2015 WL 5177619, at *3 (D.N.J. Sept. 3, 2015). This Court and courts in this district have repeatedly held that § 2244(d)'s statute of limitations runs independently from New Jersey's five-year PCR statute of limitations. *Murphy v. Holmes*, No. 12-3188 (MAS), 2015 WL 5177640, at * 2 (D.N.J. Sept. 4, 2015); *Figueroa v. Buechele*, No. 15-1200, 2015 WL 1403829, at *3 (D.N.J. Mar. 25, 2015); *Anderson v. Goodwin*, No. 08-5183, 2010 WL 3812366, at * 7 (D.N.J. Sept. 22, 2010) ("[W]hile Anderson's state PCR petition may not have been untimely under state law, it certainly was untimely under the federal statute of limitations for habeas actions."). It does not matter whether Petitioner filed a timely state PCR application; federal habeas petitions are governed by the federal habeas statute.

10. Finally, Petitioner argues that his untimeliness should be excused because he is actually innocent of the crime he was convicted of. In *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013), the Supreme Court recognized that "actual innocence, if proved, serves as a gateway through which a petitioner may pass [despite] expiration of the statute of limitations." *Id.* at 1928. However, "a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). "The *Schlup* standard is demanding and seldom met." *Id.* (citing *House v. Bell*, 547 U.S. 518, 538 (2006)).

11. Here, Petitioner presents no new evidence to establish his innocence. Instead, he argues that his trial and appellate counsels were ineffective. The Court fails to see how the ineffectiveness of his counsels affected his actual innocence—Petitioner either committed the crime, or he did not, regardless of counsels' performance. "'Actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). Even if Petitioner proffered affirmative evidence of ineffective assistance, which he does not, that is not evidence of actual innocence. *See Brown v. Soto*, No. 15-2834, 2015 WL 4163273, at *3 (C.D. Cal. July 8, 2015) (finding that claims of ineffective assistance of counsel do not establish actual innocence). Therefore, Petitioner cannot rely on *McQuiggin*'s actual-innocence exception to overcome his untimeliness.

12. Having analyzed Petitioner's arguments and found them meritless, the Court now finds that the Petition is untimely, and that Petitioner has not shown good cause as to why his Petition should not be denied. As such, the Court denies the Petition as time-barred.

13. Lastly, the Court denies a certificate of appealability. AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), the United States Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Here,

the Court denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because jurists of reason would not find it debatable that denial of the Petition is correct.

/s/ Michael A. Shipp
Michael A. Shipp, U.S.D.J.

Dated: 7/1/16